IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **BRIAN CLARKE**<br>5058 Castlestone Dr.<br>Rosedale, Maryland 21237<br><br>        Plaintiff.<br><br>vs.<br><br>**CITRON LLC**<br>**t/a CITRON BALTIMORE**<br>11 Gwynns Mill Court<br>Owings Mills, Maryland 21117<br>Serve on: Charles Levine<br>        11 Gwynns Mill Court<br>        Owings Mills, Maryland  21117<br><br>and<br><br>**CHARLES LEVINE**<br>11 Gwynns Mill Court<br>Owings Mills, Maryland 21117<br><br>        Defendants. | Case No. _____ |

## COMPLAINT

Brian Clarke, Plaintiff, by and through his attorney Christopher T. Staiti, Esq. of Staiti Law Firm, Inc., brings this action against Defendants, Citron LLC trading as Citron Baltimore and Charles Levine and for good cause states:

### Introduction

1. This is an action for unpaid wages and overtime brought pursuant to 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and a supplemental claim for minimum wage and overtime wages under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE art. 3-501 *et seq.*

("MWPCL"). This is a lawsuit brought by Plaintiff against "Citron" restaurant, which in controlled and operated by Charles Levine. As set forth below, Plaintiff worked as a tipped employee in the "front of the house" who was not properly paid the minimum wage and overtime amounts due, from time to time. Plaintiff alleges that Defendants' wage violations are systemic willful violations of the overtime and minimum wages provisions of the FLSA, the minimum wage provisions of the MWHL, and by extension, the MWPCL. In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to FLSA, pre-judgment interest on all amounts owed under the MWHL, treble damages under the MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL, and the MWPCL.

## Parties, Jurisdiction & Venue

2. Plaintiff, Brian Clarke, is an individual residing in the State of Maryland.

3. Defendant, Citron LLC, trading as Citron Baltimore, is a business with its principal office located at 11 Gwyyns Mill Court, Owings Mills, MD 21117 (hereinafter referred to as "Citron").

4. Citron owns and operates Citron restaurant located at 2605 Quarry Lake Drive, Baltimore, Maryland 21209 in Baltimore County, Maryland. Upon further information and belief, Citron is owned and operated by Defendant Charles Levine.

5. In addition to being a restaurant and bar, Citron is a "full-service catering and event business for corporate, institutional and private clients in the mid-Atlantic region at many established venues." *See* Citron Baltimore Website, [Citron, an American Best Restaurant in Baltimore with Outdoor Dining (citronbaltimore.com)](citronbaltimore.com)

6. At all times material herein, Citron had an annual gross volume of sales made or business

done in an amount exceeding $500,000.00.

7. Citron employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.

8. At all times material herein, Citron was an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 203(d).

9. At all times material herein, Citron was an "employer" within the meaning of the MWHL and MWCPL.

10. Defendant, Charles Levine, is an individual whose principal residence is located at 11 Gwynns Mill Court, Owings Mills, MD 21117 (hereinafter referred to as "Levine").

11. Levine is, on information and belief, the officer and owner of Citron.

12. Levine supervises the administration of Citron and maintains either direct or indirect control over the scheduling of employees for work.

13. Upon information and belief, Levine receives income and/or salary from Citron.

14. At all material times, Levine has been actively engaged in the management and direction of employees, including Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Citron, including Plaintiff.

15. Upon information and belief, Levine has custody and control of business records and is responsible for maintaining those records.

16. At all times material herein, Levine was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and MWHL, MD. Code Ann., LE § 3-401 (b), and thus Levine is jointly and individually liable for damages to Plaintiff arising under the FLSA, the MWHL,

and the MWCPL.

17. Levine exercises such control of Citron that under the economic reality test, he is the actual employer of Plaintiff. Thus, Levine is jointly and individually liable for damages to Plaintiff arising under the FLSA, the MWHL, and the MWCPL.

18. This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

19. This Court has supplemental jurisdiction over the Maryland Wage and Hour Law, Maryland Wage Payment and Collection Law, and other herein presented claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

20. Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

## Factual Background

21. At all times relevant to the events alleged in this Complaint, Plaintiff was an employee of the Defendants under the FLSA, the MWHL, and the MWPCL.

22. Plaintiff was employed by the Defendants for approximately three (3) years. Plaintiff worked as a full-time server during the three-year period preceding the filing of this lawsuit. As a server, Plaintiff took food/beverage orders from guests and served food/beverages to guests. Plaintiff also worked during catered events held at Citron.

23. Plaintiff was not exempt from the minimum wage or overtime compensation requirements under the FLSA and MWHL.

24. Plaintiff, a tipped employee, was paid substantially less than the full minimum wage

required under the FLSA and MWHL. Defendants were required by the FLSA, 29 U.S.C. § 203(m), and the MWL, MD. Code Ann., LE § 3-419 (respectively), to inform tipped employees, including Plaintiff, and other similarly situated, that among other things, the tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay any amounts less than minimum wage. Defendants violated 29 U.S.C. § 203(m) by failing to inform Plaintiff that he was taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiff had the right to retain all tips except in a valid tip pooling arrangement, or any of the other requirements set out by law. *See* 29 C.F.R. § 531.59(b). Defendants violated the MWHL and by extension, the MWCPL, by failing to inform Plaintiff of the provisions of Md. Ann. Code LE art. § 3-419, and its amended provisions, which among other things require employees to be informed of the provisions of Md. Ann. Code LE art. § 3-419 before Defendants could pay Plaintiff a wage of $3.63/hour.

25. At all material times Defendants knowingly adopted and enforced a policy and practice of not paying overtime compensation to Plaintiff and other tipped employees who regularly worked more than forty (40) hours per week. Plaintiff regularly worked more than forty (40) hours in a stator workweek, but was not paid overtime compensation. Under the MWHL, Defendants were also required to pay overtime compensation to Plaintiff whom regularly worked more than forty (40) hours per week, during the period since January 1, 2018. Defendants violated the FLSA and MWHL, by not paying overtime compensation to tipped employees, like Plaintiff, who worked more than forty (40) hours per week.

26. After Plaintiff's termination of employment, Plaintiff requested Defendants provide all commissions, payroll for time worked, and related contractual rights to payment. To date,

Defendants have refused this request.

## COUNT I
### Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, et seq.
### Failure to Pay Minimum Wage and/or Overtime Wages
### (All Defendants)

27. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 26 by this reference as if fully set forth herein.

28. Defendants have at material times failed to pay Plaintiff a proper minimum wage and/or overtime rate, free and clear and in a timely manner.

29. Defendants' failure to pay minimum wage and/or overtime to Plaintiff constitutes a willful and intentional violation of the Maryland Wage & Hour Law (Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*).

30. Defendants were aware of Plaintiff's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of forty (40) hours per week.

31. Defendants willfully failed to pay Plaintiff overtime for the hours Plaintiff worked in excess of forty (40) hours per week.

32. Defendants willfully failed to pay Plaintiff an overtime wage of at least one and one-half (1.5) times the applicable minimum wage for statutory work weeks in which Plaintiff worked in excess of forty (40) hours per week during his employment with Defendants.

33. Defendants' failure to pay overtime to Plaintiff was a willful and intentional violation of the Maryland Wage & Hour Law (including Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*).

34. As a result, Plaintiff has the legal right to receive the full minimum wage and overtime wage due as required by Maryland law and applicable Maryland regulations.

35. As a result of Defendants' violation of the Maryland Wage & Hour Law, Plaintiff has

suffered damages in excess of $75,000.00 in withheld wages.

36. As a result of Defendants' violations of the Maryland Wage & Hour Law, Plaintiff was forced to, and did, retain an attorney to bring these causes of action on Plaintiff's behalf.

37. As a result of Defendants' violations of the Maryland Wage & Hour Law, Plaintiff is entitled an award of reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages as a result of Defendants' violations of the Maryland Wage & Hour Law, plus liquidated damages, plus prejudgment interest, plus reasonable attorneys' fees and the costs of this action allowable under the Maryland Wage & Hour Law; and for such other and further relief as this Court deems appropriate.

## COUNT II
## Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, et seq.
### (All Defendants)

38. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 37 by this reference as if fully set forth herein.

39. In addition to hourly wages, Plaintiff was supposed to receive all of his tips collected from his efforts as a server and from catering events.

40. In addition to hourly wages, Plaintiff was supposed to receive a fixed proportion of service charges collected from catering events and Plaintiff's efforts as a server.

41. Rather than remit these sums unto Plaintiff, Defendants arbitrarily treated tips no different than service charges and, likewise, arbitrarily allocated amounts collected from patrons to Plaintiff in amounts that benefitted Defendants.

42. Pursuant to the Maryland Wage Payment & Collection Law, Defendants were required to

pay Plaintiff all amounts owed to Plaintiff for work performed before termination at or before the date Plaintiff would have been paid if the employment had not been terminated, or not later than two weeks thereafter.

43. Defendants failed to pay Plaintiff all wages due and/or earned prior to Plaintiff's termination, including, but not limited to, overtime wages.

44. Plaintiff protested Defendants' failure to pay his wages.

45. Defendants' violations of the Maryland Wage Payment & Collection Law were not the result of a bona fide dispute.

46. In failing to pay all wages legally owed, free and clear, without coercion and intimidation, Defendants are in violation of the Maryland Wage Payment & Collection Law (including Md. Code Ann., Lab. & Empl. §§ 3-502, 3-503, and 3-505).

47. As a result of Defendants' violation of the Maryland Wage Payment & Collection Law, Plaintiff has suffered damages in excess of $75,000.00 in withheld wages.

48. As a result of Defendants' violations of the Maryland Wage Payment & Collection Law, Plaintiff was forced to, and did, retain an attorney to bring these causes of action on Plaintiff's behalf.

49. As a result of Defendants' violations of the Maryland Wage Payment & Collection Law, Plaintiff is entitled to treble damages and an award of reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages as a result of Defendants' violations of the Maryland Wage Payment & Collection Law, plus treble damages, plus prejudgment interest, plus reasonable attorneys' fees and the costs of this action

allowable under the Maryland Wage Payment & Collection Law; and for such other and further relief as this Court deems appropriate.

## COUNT III
### Fair Labor Standards Act of 1938
**(All Defendants)**

50. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 49 by this reference as if fully set forth herein.

51. Citron is an "enterprise" as defined by the FLSA, 29 U.S.C.A. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

52. At all times material herein, Citron and Levine were an "employer" within the meaning of the FLSA, 29 U.S.C.A. § 203(d), and the Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, and Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501.  Furthermore, Levine exercises such control of Citron that under the economic reality test, he is the actual employer of Plaintiff.  Thus, Levine is jointly and individually liable for damages to Plaintiff arising under the FLSA, Maryland Wage & Hour Law, and Maryland Wage Payment & Collection Law.

53. In Plaintiff's work for Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce and was employed by an enterprise engaged in commerce and/or the production of goods for commerce that had annual gross sales of at least $500,000.

54. Plaintiff is not considered an employee employed in a bona fide executive, administrative, or professional capacity, as stated in 29 U.S.C.A. § 213(a)(1), and is not exempt from the protections of the FLSA.

55. Defendants have at material times failed to pay Plaintiff a proper minimum wage rate, free and clear and in a timely manner.

9

56. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff, proper minimum wages, for each pay period, in a timely manner.

57. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C.A. § 207.

58. Defendants were aware of Plaintiff's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of forty (40) hours per week.

59. Defendants willfully failed to pay Plaintiff overtime for the hours Plaintiff worked in excess of forty (40) hours per week.

60. Defendants willfully failed to pay Plaintiff an overtime wage of at least one and one-half (1.5) times the applicable minimum wage for statutory work weeks in which Plaintiff worked in excess of forty (40) hours per week during his employment with Defendants.

61. Defendants' failure to pay minimum wages and/or overtime to Plaintiff was a willful and intentional violation of the FLSA.

62. As a result, Plaintiff has the legal right to receive the full minimum wage and overtime wage due as required by Federal law and applicable Federal regulations.

63. As a result of Defendants' violation of the FLSA, Plaintiff has suffered damages in excess of $75,000.00 in withheld wages.

64. As a result of Defendants' violations of the FLSA, Plaintiff was forced to, and did, retain an attorney to bring these causes of action on Plaintiff's behalf.

65. As a result of Defendants' violations of the FLSA Plaintiff is entitled an award of reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an

amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages as a result of Defendants' violations of the Fair Labor Standards Act, plus liquidated damages, plus prejudgment interest, plus reasonable attorneys' fees and the costs of this action allowable under the FLSA; and for such other and further relief as this Court deems appropriate.

## COUNT IV
## Breach of Contract
**(All Defendants)**

66. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 65 by this reference as if fully set forth herein.

67. Defendants breached the agreement between the parties by: failing to pay Plaintiff all of his tips collected from his efforts as a server and from catering events as agreed upon by the parties; failing to pay Plaintiff a fixed proportion of service charges collected from catering events and Plaintiff's efforts as a server as agreed upon by the parties; and failing to allocate the tips as agreed upon by the parties.

68. As a direct and proximate cause of Defendants' breaches of the parties' agreement, Plaintiff has and will continue to suffer harm and damages.

WHEREFORE, Plaintiff demands judgment against Defendants determining Defendants breached the parties' contract; awarding Plaintiff compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as a result of Defendants' breach of contract; and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

_____/s/_____
Christopher T. Staiti, Esq.
Staiti Law Firm, Inc.
1111 Benefield Blvd, Suite 112
Millersville, Maryland 21108

          cstaiti@staitilaw.com
          (410) 878-7411
          MD Fed. Bar. No. 28738
          *Attorney for Plaintiff*